AO 245 S (Rev. 4/90)(W.D.N.C. rev., Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of North Carolina

FILED
ASHEVILLE, N.C.

93 MAR 11 PM 3: 22

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES OF AMERICA

v.

Case Number CR A-CR-92-002

GARY DEAN WOLFE
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

    The defendant, GARY DEAN WOLFE, was represented by Roger T. Smith.

    On motion of the United States the court has dismissed count(s) 1.

    The defendant pleaded guilty to count(s) 2. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section Concluded | Nature of Offense | Date Offense | Count Number(s) |
|---|---|---|---|
| 26 USC 5861(d) | Possess illegal firearm | 03/03/91 | 2 |

    As pronounced on 03/01/93, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 2, which shall be due on a schedule to be approved by probation officer.

    It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _11_ day of _March_, 19_93_.

_[signature]_
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 12/17/52
Defendant's address: 103 Appalachian Way; Asheville, NC 28806

AO 245 S (Rev. 4/90)(W.D.N.C. rev., Sheet 2 - Imprisonment

Defendant: GARY DEAN WOLFE
Case Number: CR A-CR-92-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 51 months to run concurrently with the sentence imposed by the state.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: GARY DEAN WOLFE
Case Number: CR A-CR-92-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. Obey standard conditions of supervised release.
5. Pay toward court appointed attorney fees on a schedule as directed by probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: GARY DEAN WOLFE
Case Number: CR A-CR-92-002

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 16 |
| Criminal History Category: | VI |
| Imprisonment Range: | 46 months to 57 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ 5,000 to $ 50,000 |
| Restitution: | $ |

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.